IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY VEST, et al., | |
| Plaintiffs, | No. C 11-00061 JSW |
| v. | **ORDER GRANTING MOTION TO STAY** |
| ALLIED PACKING AND SUPPLY, INC., et al., | |
| Defendants. | |

Now before the Court for consideration are the Motion to Stay Pending Transfer to Federal Multi District Litigation Action, filed by Defendant McDonnell Douglas Corporation ("MDC"), and the Emergency Motion to Remand filed by Plaintiffs Timothy and Caroline Vest ("Plaintiffs"). The Court has considered the parties' papers, relevant legal authority, the record in this case, and finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The hearing scheduled for February 4, 2011, is VACATED, and, for the reasons set forth in the remainder of this Order, MDC's Motion to Stay is GRANTED. In light of this ruling, the Court does not reach Plaintiffs' Emergency Motion to Remand.

**BACKGROUND**

On December 17, 2009, Plaintiffs filed their original complaint in the Superior Court of the State of California in and for the County of Alameda ("Alameda County Superior Court"). (*See* Declaration of Ian Rivamonte in Support of Remand ("Rivamonte Decl."), Ex. 1.) On January 22, 2010, Plaintiffs amended the complaint to add MDC in place of Doe Defendant 3.

(*Id.*, Ex. 2.) On May 3, 2010, Plaintiffs filed a First Amended Complaint, and on May 28, 2010, Plaintiffs filed a Second Amended Complaint. (*Id.*, Exs. 3-4.)

Plaintiffs allege that Timothy Vest ("Mr. Vest") was exposed to asbestos and asbestos containing products when his father, who worked for World Airways, Inc., transported them home from work on his clothes, shoes, person and on other items. Mr. Vest also alleges that he was exposed to asbestos and asbestos-containing products when he visited his father at work. (*See, e.g., id.*, Ex. 4 (SAC ¶ IX).) While the case was pending in Alameda County Superior Court, the parties engaged in motion practice and discovery. On January 6, 2011, however, MDC removed the action on the basis of federal officer jurisdiction pursuant to 28 U.S.C. § 1442, based on materials submitted by Plaintiffs in opposition to MDC's motion for summary judgment. (*See, e.g.,* Notice of Removal, ¶ 8.) MDC also filed a Notice of Tag Along Action, in which it asserted that the action should be transferred to Multidistrict Litigation No. 875, *In re Asbestos Products Liability Litigation (No. 6),* which is pending in the United States District Court for the Eastern District of Pennsylvania.

Plaintiffs immediately filed an emergency motion to remand, while MDC immediately filed a motion to stay, pending transfer to MDL No. 875. Each party argues that their motion should be resolved first.

**ANALYSIS**

"Generally, jurisdiction is a preliminary matter that should be resolved before all others." *Leeson v. Merck & Co., Inc.*, 2006 WL 3230047, *2 (E.D.Cal. Jan. 27, 2006); *see also Villarreal v. Chrysler Corp.,*, 1996 WL 116832, at *1 (N.D.Cal. Mar.12, 1996) ("Judicial economy will best be served by addressing the remand issue [before a party's motion to stay] because a determination on this issue will facilitate litigation in the appropriate forum.").

Some courts, however, have held that "the calculus changes somewhat when deference to a MDL court will further 'the uniformity, consistency, and predictability in litigation that underlies the MDL system.'" *Leeson*, 2006 WL 3230047, *2 (quoting *Conroy v. Fresh Del Monte Produce Inc.,* 325 F. Supp. 2d 1049, 1053 (N.D.Cal.2004)). "In deciding whether to rule on the motion to remand, courts consider whether the motion raises issues likely to arise in

2

other actions pending in the MDL transferee court." *Conroy*, 325 F. 2d 1053. The *Conroy* court laid out a three step approach for addressing simultaneous requests to stay and to remand.

First, a court "should give preliminary scrutiny to the merits of the motion to remand. If this preliminary assessment suggests that removal was improper, the court should promptly complete its consideration and remand the case to state court." *Id.* Second, if the question of jurisdiction appears "factually or legally difficult, the court should determine whether identical or similar jurisdictional issues have been raised in other cases that have been or may be transferred to the MDL proceeding." *Id.* Finally, "if the jurisdictional issue is both difficult and similar or identical to those in cases transferred or likely to be transferred, the court should stay the action." *Id.*

Applying the three step approach outlined in *Conroy*, the Court finds that a stay pending a ruling on whether this case will be transferred is warranted. First, although the Court expresses no opinion on the ultimate merits of the motion to remand, having given the motion a preliminary assessment, the Court cannot say it is clear that removal was improper. Second, the jurisdictional issue is factually and legally difficult and has been raised in the MDL proceeding. *See, e.g., Hagen v. Benjamin Foster Co.*, __ F. Supp. 2d __, 2010 WL 3745297 (Sept. 24, 2010). Thus, under the rationale of *Conroy*, because the issue is both factually and legally difficult and has been addressed by the MDL court on numerous occasions, a stay would be warranted.

The Court also has considered Plaintiffs' arguments as to why they would be prejudiced if a stay is granted but does not find them compelling. Accordingly, MDC's motion to stay pending transfer is GRANTED. However, if the MDL proceedings regarding the propriety of transfer become unreasonably protracted, or if Plaintiffs' medical circumstances should change,

//
//
//
//

3

1 Plaintiffs may file a motion seeking to lift the stay and obtain a ruling on their motion to
2 remand.

3 **IT IS SO ORDERED.**

4 Dated: January 31, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4